|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| DOROTHY P. CHAPPELL,<br><br>           Plaintiff,<br><br>   v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATIONREGISTRATION,<br>as nominee for GM Mortgage, LLC, as<br>beneficiary, R.K. Arnold, CEO;<br>QUALITY LOAN SERVICE CORP.;<br>KEVIN MCARTHY, CFO; AURORA<br>LOAN SERVICES; and JOHN SKOBA,<br>CFO,<br><br>           Defendants. | CASE NO. C10-5088BHS<br><br>ORDER GRANTING LEAVE<br>TO FILE AMENDED<br>COMPLAINT |

This matter comes before the Court on review of the file and Plaintiff's Complaint for Conversion of Property (Dkt. 1).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On February 8, 2010, Plaintiff Dorothy P. Chappell filed a Complaint for Conversion of Property. Dkt. 1. Plaintiff seems to allege that Defendants foreclosed on her property and requests that the "foreclosure action, on the above real property of the Plaintiff, must be vacated for lack of political, personam, and subject matter jurisdiction, Venue, and under the 11th Amendment." *Id.* at 1-3. Plaintiff's Complaint raises the following issues: (1) "Oath of Office Makes Public Officials 'Foreign'," (2) "Judge

1 Serves as Debt Collector", (3) "No Immunity Under 'Commerce'," (4) "Courts Operating
2 Under War Powers Act", and (5) "Language Not Clarified". *Id.* at 3-12.

## II. DISCUSSION

The Court has reviewed Plaintiff's Complaint and will address the claims and issues presented in these materials, in the light most favorable to Plaintiff, affording Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that a plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984); *see also Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.).

In this case, Plaintiff has failed to allege facts sufficient to state any cause of action. The Court assumes that Plaintiff's property is subject to a non-judicial foreclosure action in state court and that Plaintiff is seeking federal relief from that action. *See* Dkt. 1 at 1-3. Plaintiff's causes of action, however, are conclusory legalese under which Plaintiff cannot possibly win federal relief from a state foreclosure action.

Although Plaintiff's complaint is severely deficient, it is not absolutely clear that no amendment can cure these deficiencies. Therefore, the Court grants Plaintiff leave to

file an amended complaint to cure the factual and legal deficiencies of the original complaint.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint as stated herein. Plaintiff shall file an amended complaint no later than March 19, 2010. Failure to file an amended complaint may result in dismissal of this action.

DATED this 16th day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge